ELENA GAGNE *vs.* WEINTRAUB'S SILK & FABRIC SHOPS, INC.

JULY 24, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is an employee's original petition for compensation and medical expenses under the workmen's compensation act, general laws 1938, chapter 300. From a decree entered by the superior court granting compensation for total incapacity for a limited period and for corresponding reasonable medical expenses both the employer and the employee have prosecuted appeals to this court.

The evidence for petitioner Elena Gagne tends to show substantially that she was employed by the respondent as a saleslady; that while lifting a box in the course of her employment on or about June 15, 1945, she struck her back against a table and suffered an injury described as "traumatic fibromyositis of left leg muscle group. Lumbo-sacral injury and sciatica"; that during a considerable portion of the period following the accident she was receiving medical treatment; and that with certain occasional daily exceptions in 1945, 1946 and 1947, due to a variety of reasons, she continued to work, despite pain and inconvenience from her injury, until February 14, 1948, when her back injury required her to be absent from work for the following three weeks.

On the other hand the evidence for respondent tended to show that petitioner had not sought medical treatment until almost a year after the accident; that in addition to several absences for one or two days at a time during 1945, she actually was out of work a full week ending April 6, 1946 and another week ending June 8, 1946; and that in respect to these two weeks the respondent's record books explained her absence by the notations "Out ill."

The evidence also included testimony by different doctors who had treated or examined petitioner. One of them diagnosed her incapacity as resulting from fibromyositis of the left buttock muscle group due to the accident and injury. He indicated at first that she might be suffering from sciatica with a possibility of a ruptured disc as its proximate cause, but later a myelogram was negative. Another doctor gave his opinion that there was no herniated intervertebral disc and that she was suffering from a sciatic irritation because of a postural deformity due to curvature of the spine and the disparity in the length of her legs. Still another, Dr. Joseph C. Johnston, testified that from his examination of petitioner on January 10, 1950 he could find no residual injury at that time attributable to her accident in 1945; that she had a normal alignment and no deformity or fixa-

tion of any of the vertebrae nor any limitation of motion in the back; that he found no injury at that time; and that in his opinion she was able to work as a saleslady on that date.

The respondent's four reasons of appeal are all based on the underlying claim that the petition was not filed within the two-year period of limitation provided in the statute. The trial justice, however, found as a fact that petitioner was physically injured accidentally in the course of her employment on or about June 15, 1945 but was not incapacitated under the act until February 14, 1948. He therefore concluded that the petition, which was filed March 4, 1949, was within two years from the date on which her cause of action arose, namely, when petitioner was incapacitated from earning full wages for more than three days. In our judgment the trial justice's holding as to the period of limitation prescribed in the statute conforms to our interpretation thereof. *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215; *Chicoria* v. *Kenyon Piece Dyeworks, Inc.*, 74 R. I. 260.

On the issue as to when her injury became compensable so as to commence the running of the statute, the evidence is conflicting. The respondent's argument would disregard and destroy entirely the direct testimony of petitioner to the effect that she had not been incapacitated by her back injury from earning full wages for more than three days until February 14, 1948, and that her earlier absences were due to other reasons. It is argued that the evidence of the employer's record books indicated an absence of a full week in April 1946 and another week in June 1946, which were explained by the notations "Out ill," and that such evidence must prevail as it was not *specifically* contradicted. The fact that respondent's records show such notations for two different weeks in 1946 would not necessarily mean that she was out of work because of the particular injury for which she now claims compensation. The notations "Out ill" do not necessarily exclude the inference that she had been absent for reasons unrelated to the particular accident and injury therefrom, as she explained generally.

While the trial justice might have adopted the view urged by respondent, nevertheless petitioner's contrary testimony presented a conflict in the evidence and he was not required to accept defendant's explanation. In the circumstances the credibility of the witnesses and the weight of the evidence were issues for the trial justice and not for this court. In the absence of fraud, which is not claimed, his findings of fact on conflicting evidence are conclusive under the act. The respondent's appeal therefore is denied.

The petitioner, on the other hand, has appealed from the decree on the ground that the trial justice misconceived the medical testimony in concluding that the period of compensation should end January 10, 1950. It is argued that he evidently relied on the testimony of Dr. Johnston to the effect that she was no longer injured and was able to resume work on January 10, 1950, and that in view of contrary testimony by several other doctors "A more rational conclusion depends upon a proper interpretation of all the testimony."

Such contention is merely another way of presenting to us the argument that the weight of the medical testimony for petitioner preponderated over the testimony for respondent. As in the case of respondent's appeal, the credibility of the witnesses and the weight of their testimony is solely for the consideration of the trial justice under the act. We are of the opinion that he did not misconceive the medical evidence, as contended by petitioner; that there is evidence to support the decision; and that there is no reason of law advanced by petitioner to warrant a reversal of the trial justice's conclusion.

The appeals of both the petitioner and respondent are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Maurice W. Hendel,* for petitioner.
*Francis V. Reynolds,* for respondent.